IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-cv-815-WKW-JTA |
| | ) | |
| SES OF MONTGOMERY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e).  Plaintiff Rodney Murphy, proceeding *pro* se, filed a Complaint initiating this case.  (Doc. No. 1.)  This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.   (Doc. No. 4.)

For the reasons stated herein, the undersigned finds that this action is due to be dismissed because the court lacks subject matter jurisdiction over Plaintiff's claims.

## I.    STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.   The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private

resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."   *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints.   *Id.* at 324.

In addition, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint.   "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' "   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).   Yet any leniency cannot serve as a substitute for pleading a proper cause of action.   *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").   "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings."   *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   FACTUAL ALLEGATIONS

In his Complaint, which is entitled "Discrimination, Deformation [sic] per se and

false statements," Plaintiff alleges that on August 22, 2018 and on August 31, 2018, while he was working at a Subway restaurant, an unidentified person made a false statement about Plaintiff stealing to Plaintiff and other employees.   (Doc. No. 1. at   ¶¶ 7-9, 13-15.) Plaintiff names Beatrice Smith, William R. Hudson, II, SES of Montgomery, Alabama and other fictitious parties[1] as defendants.   (*Id.* at ¶¶ 2, 3.)   Plaintiff alleges that all the defendants reside in the State of Alabama and alleges two separate defamation claims based in Alabama tort law against the defendants.   (*Id.* at ¶¶ 2, 6-15.)   Plaintiff requests monetary damages and injunctive relief as relief.   (*Id.* at p. 2.)

## III.   DISCUSSION

The court has carefully reviewed the Complaint in this case pursuant to 28 U.S.C. § 1915(e).   Upon review, the court finds that this case should be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.   *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).   "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."   *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).   This inquiry should be done at the earliest stage in the proceedings

---

[1] "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

and *sua sponte* whenever subject matter jurisdiction may be lacking.   *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).   "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."   *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).   A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.   *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction.   28 U.S.C. § 1332; 28 U.S.C. § 1331.   Diversity of citizenship jurisdiction requires that the action be "between . . . citizens of different States. . . ." and the matter in controversy must exceed the sum or value of $75,000.00.   28 U.S.C. § 1332(a)(1).   According to the Complaint, all parties are residents of Montgomery, Alabama and thus there is no diversity of citizenship.   In addition, Plaintiff does not allege in the Complaint that the amount in controversy exceeds $75,000.00.   Likewise, federal question jurisdiction does not exist because Plaintiff's defamation claims do not arise under the Constitution, federal law or treaties of the United States.   28 U.S.C. § 1331.   Rather, it is clear that if Plaintiff has any claims against the defendants they would arise under state tort law.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend

4

"should be freely given."  *See* Fed. R. Civ. P. 15(a).   Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.   Under the facts presented, the undersigned concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual basis for the exercise of federal subject matter jurisdiction.

## IV.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED for lack of subject matter jurisdiction.

It is further

ORDERED that **on or before September 1, 2020**, Plaintiff may file objections to this Recommendation.   Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.   Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered.   This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 17th day of August, 2020.


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

6